ALVAN KIDDER, Plaintiff in Error, *v.* THE CITY OF PEORIA, Defendant in Error.

ERROR TO COUNTY COURT OF PEORIA COUNTY.

A notice by commissioners appointed to open a street in Peoria, given to the owners of lots and lands, through and over which a street will run when it shall be opened, will not apply to a person whose lots or lands do not adjoin or lie near the proposed street.

The notice was the basis of the jurisdiction of the commissioners, and unless the essential requirements of the law were obeyed, all their acts were unauthorized.

THIS was a proceeding commenced in the County Court, by petition of the mayor of the city of Peoria for the appointment of commissioners to assess damages and benefits accruing by reason of the opening and extending of Washington street, in said city, sixty feet wide through Mills' Addition to said city.

The whole proceeding purported to be against lots benefited by reason of said extension of Washington street, passing through and over the same, according to the plat filed with the mayor's petition. The lots in controversy are situate on the corner of Main and Washington streets, in the city of Peoria, and not within one-third of a mile of the nearest point represented on the plat.

The proceedings were had under the act of 1855, amend-

atory of the city charter, the fifth section of which provides that the commissioners shall give notice to the persons interested, of the time and place of meeting, for the purpose of viewing the premises and making their assessments, at least five days before such meeting, by publishing the same in the newspaper selected by the city council for publishing their ordinances, etc. The surveyor of the city laid before the council " a plat and survey of Washington street, showing the lines of said street, and the lots through and over which the said street will run in opening and extending the same" as aforesaid. At the same meeting the council appointed a committee to negotiate with the " owners and agents of the lots and lands through and over which" said street would run "in opening and extending the same through Mills' Addition to Peoria, as represented on the plat and survey of said street, this day presented and approved." On the 2nd of August, 1859, the committee reported "that they were unable to agree with said owners as to the price," whereupon the council resolved that the city of Peoria was "unable to agree with the owners and agents of the owners of lots over and across which Washington street would run," and declined paying the prices claimed by such owners. The petition of the mayor to the County Court is confined exclusively to the owners of lots and lands through and over which said street would run. The first notice of the commissioners is " to the owners of lots and lands in the city of Peoria through and over which said street would run," and is copied in the opinion.

The County Court rendered judgment against Kidder for benefits assessed against two of his lots.

MANNING & McCULLOCH, and JOHNSON & HOPKINS, for Plaintiff in Error.

WALKER, J. The only question which we propose to consider, on this record, is the sufficiency of the notice given by the commissioners to appear to contest the assignment. It is this :

" COMMISSIONERS' NOTICE. OPENING OF WASHINGTON STREET IN THE CITY OF PEORIA.—Notice is hereby given to the owners

of lots and lands in the city of Peoria, through and over which Washington street will run in opening the same from the east side of North Fayette street, in said city of Peoria, through Mills' Addition to Washington street, in Morton, Voris and Laveille's Addition to Peoria, that the undersigned, appointed by the County Court of Peoria county, to assess the amount of compensation and benefits accruing to the owners of lots and lands damaged and benefited by the opening of said street, will meet at the office of L. Keyon, in Curtis' Bank Building, in said city of Peoria, on the nineteenth day of October, A. D. 1859, at the hour of 10 o'clock A. M., and that they will proceed to view the premises as required by law, when and where all persons interested may attend if they think proper."

It appears from this record, that the street did not run through or over the lots in controversy. They did not adjoin or lie near the street. This, then, presents the question, whether this notice was to plaintiff in error. There having been no personal notice or appearance, if it is insufficient, the whole proceeding must fail. The only mode of acquiring jurisdiction being by actual or constructive notice, and upon this depends the validity of the action of the commissioners.

This notice is to the owners of lands and lots over and through which the street had been located. This notice was only to owners of lots or lands thus situated, and they alone were required to regard and act upon it. When appellant saw to whom the notice was addressed, he saw that it was not to him, and he was not bound to read further; it contained nothing to apprise him that he was interested in the proceeding. It is true, that in the latter part of the notice, all persons interested are required to appear, if they chose. By the notice, none were interested but persons over whose property the street was proposed to be opened. He, therefore, had no right to suppose that he was interested in the assessment.

The commissioners only acquired jurisdiction to act, by giving the required notice. In its absence, all they did was unauthorized. The proceeding is given by statute, and to render the acts of the commissioners binding, the law must be

pursued in all of its essential requirements. Nor was any action subsequently taken authorized, as against appellant's lots, for the want of a proper notice of the time and place of the assessment. It was this notice which put the proceeding in motion, and if it was insufficient, the whole proceeding must fail.

The judgment of the court below is therefore reversed, and the cause remanded.

*Judgment reversed.*